UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>TALMUS R. TAYLOR ) | CRIMINAL NO. 05-10067-PBS |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Talmus Taylor requests that the court instruct the jury on the law as follows:

1. VIOLATION OF 26 U.S.C. § 7206(2)

The indictment charges the defendant with aiding or assisting in the filing of false tax returns. The indictment reads as follows:

That on or about the dates hereinafter set forth, in the District of Massachusetts, the defendant, TALMUS R. TAYLOR, a resident of Boston, Massachusetts, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of U.S. Individual Income Tax Returns, Forms 1040, either individual or joint, for the taxpayers and calendar years hereinafter specified, which were false and fraudulent as to material matters, in that they represented that the said taxpayers were entitled under the provisions of the Internal Revenue laws to claim deductions for items and in amounts hereinafter specified, whereas, as the defendant then and there well knew and believed, the said taxpayers were not entitled to claim deductions in said amounts, but of lesser amounts.

The indictment alleges that the defendant violated section 7206(2) of Title 26 of the United States Code which provides that:

Any person who willfully aids or assists in, or procures, counsels or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim or document [shall be guilty of a crime].

For you to find the defendant guilty of this crime, the government must prove the following four things beyond a reasonable doubt:

*First*, that Mr. Taylor aided, assisted in, procured, counseled and advised the preparation of a return which was subsequently filed.

*Second*, that the return was false as to any material matter.

*Third*, that Mr. Taylor acted willfully.

*Fourth*, that Mr. Taylor did not have a good-faith belief that he was complying with the provisions of the Internal Revenue Code concerning charitable deductions.

The first element that the government must prove beyond a reasonable doubt is that Mr. Taylor aided, assisted in, procured, counseled and advised the preparation of a tax return which was subsequently filed with the Internal Revenue Service. Although the statute uses the disjunctive, i.e. "or" when listing the ways in which the statute is violated, the indictment uses the conjunctive, i.e. "and." Therefore the government must prove beyond a reasonable doubt that Mr. Taylor's conduct consisted of all five methods set out in the statute: aiding, assisting in, procuring, counseling and advising the preparation of a tax return.

The second element that the government must prove beyond a reasonable doubt is that the return was false as to a material matter. An income tax return may be false not only by reason of an understatement of income, but also because of an overstatement of lawful deductions or because deductible expenses are mischaracterized on the return. The false statement in the return must be material. This means that it must be essential to an accurate determination of defendant's tax liability.

The third element that the government must prove beyond a reasonable doubt is that the defendant acted willfully. In order for the government to prove this element, it must establish beyond a reasonable doubt that the defendant acted voluntarily and intentionally, with the specific intent to aid, assist in, procure, counsel and advise the filing of a false tax return. Mr. Taylor acted willfully if the law imposed a duty on him, he knew of the duty, and he voluntarily and intentionally violated that duty.

The fourth element that the government must prove beyond a reasonable doubt is that Mr. Taylor did not have a good-faith belief that he was complying with the provisions of the Internal Revenue Code concerning charitable deductions. The burden to prove intent, as with all other elements of the crime, rests with the government. This is a subjective standard: what did Mr. Taylor honestly believe, not what a reasonable person should have believed. A belief may be in good faith even if it is unreasonable. Mistake, negligence, and even gross negligence, are not enough to meet the "willful" requirement. Thus, if Mr. Taylor acted in good faith, he cannot be guilty of this crime.

2. <u>SEPARATE CONSIDERATION OF COUNTS</u>

A separate crime is charge against Mr. Taylor in each count. You must decide each count separately based on the strength or weakness of the evidence relevant to that count. Your verdict on one count should not control your verdict on any other count.

### 3. PRESUMPTION OF INNOCENCE

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Mr. Taylor, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Mr. Taylor is guilty of the crime with which he is charged beyond a reasonable doubt. This burden never shifts to Mr. Taylor. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Mr. Taylor has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

### 4. REASONABLE DOUBT

The burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against him. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions – one that a defendant is guilty as charged, the other that the defendant is not guilty – you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with you oath as jurors, base your verdict upon it. If you so find as to a particular charge against the defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether Mr. Taylor is guilty of a particular offense, you must give Mr. Taylor the benefit of the doubt and find him not guilty of that offense. *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997)

### 5.  WITNESS TAKING FIFTH AMENDMENT

You heard [witness] refuse to answer certain questions on the ground that it might violate his/her right not to incriminate himself/herself. You may, if you choose, draw adverse inferences from this refusal to answer and may take the refusal into account in assessing this witness's credibility and motives, but you are not required to draw that inference.

### 6.  CHARACTER EVIDENCE

Where a defendant has offered evidence of good general reputation for truth and veracity, or honesty and integrity, or as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. *United States v. Callahan*, 588 F.2d 1078 (5t h Cir. 1979), *cert. denied*, 100 S.Ct. 49 (1979).

Dated: February 13, 2006                    Respectfully submitted,

                                            TALMUS R. TAYLOR

                                            By his attorney,

                                            /s/ _____
                                            Bruce T. Macdonald
                                            678 Massachusetts Avenue
                                            Suite 901
                                            Cambridge, MA 02139
                                            (617) 354-1711
                                            BBO #310400