UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
    v.                              )    CRIMINAL NO. 05-10067-PBS
                                    )
TALMUS R. TAYLOR,                   )
                                    )
        Defendant                   )
_____)

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim P. 30, the government submits the attached proposed jury instructions, which it requests that the Court give to the jury, along with the Court's standard instructions regarding burden of proof, credibility, direct and circumstantial evidence, and the like. The government reserves the right to supplement or revise these proposed instructions as appropriate.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                            By:    /s/ John A. Capin
                                   _____
                                   JOHN A. CAPIN
                                   Assistant U.S. Attorney
                                   (617) 748-3264

Dated:  February 13, 2006

TABLE OF CONTENTS

SUMMARY OF THE CHARGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NATURE OF TAX CRIMES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

THE STATUTE — 26 U.S.C. 7206(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

COUNTS ONE THROUGH SIXTEEN: WILLFULLY AIDING AND ASSISTING THE
PREPARATION AND PRESENTATION OF FALSE INCOME TAX RETURNS . . . . . . . . . . 5

FIRST ELEMENT – AIDING OR ASSISTING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SECOND ELEMENT – FALSITY OF A MATERIAL MATTER . . . . . . . . . . . . . . . . . . . . . . 7

THIRD ELEMENT – WILLFULLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

PROOF OF TAX DEFICIENCY NOT REQUIRED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

KNOWLEDGE OR CONSENT OF TAXPAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

SUMMARY CHARTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

DEFENDANT'S TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

DEFENDANT'S RIGHT NOT TO TESTIFY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Summary of the Charges

The indictment contains sixteen separate counts.  Each of the sixteen counts charges the defendant, Talmus R. Taylor, with willfully aiding and assisting in the preparation and presentation of a fraudulent tax return on behalf of an individual taxpayer.  Specifically, each count alleges that the defendant aided and assisted a taxpayer in representing to the Internal Revenue Service that said taxpayer was entitled to claim deductions for items and amounts that the defendant knew and believed to be false.

Request No. 2

## Nature of Tax Crimes

As you know, the United States has a system for the collection of income taxes that relies on the compliance of the taxpayers. We prepare our own tax returns; we report our own income; we compute our own tax. The I.R.S. does not and cannot review or audit every single return that is filed. Our system can function successfully only if the taxpayer files a return and renders an honest account to the Government in connection with his income taxes. Complete and truthful disclosure on all tax returns is important to the internal revenue system and the law provides both criminal and civil sanctions to assure compliance.

A preliminary word about what this case is _not_ about: It has nothing to do with the actual collection of any taxes that may be due to the Government. This is a criminal case. Its object, therefore, is to secure the enforcement of the laws passed by Congress which makes it a federal crime to file a false tax return and to aid and assist in the preparation and presentation of a false tax return.

There is a distinction between civil liability imposed upon a defendant for the non-payment of taxes and criminal responsibility for his acts and conduct. None of us likes to pay our taxes and none of us enjoys filling out the required forms. But that is not at issue in this case, because the filing of tax returns and the payment of taxes is a requirement of law.

REQUEST NO. 2     (Continued)

Nature of Tax Crimes

     Moreover, we are not concerned here with civil liability, that is, whether or not taxes claimed to be due have been paid or will be paid.  Rather, the issue here is whether the Government has proved beyond a reasonable doubt that the defendant committed the crimes charged in the indictment.


Spies v. United States, 317 U.S. 492, 495 (1943).  Adapted from the charges of Judge Edward Weinfeld in United States v. Bugliarelli, 75 Cr. 333, Tr. At 773-74 (S.D.N.Y.), aff'd from the bench, 538 F.2d 315 (2d Cir. 1976); Judge William C. Connor in United States v. Feldshuh, 76 Cr. 500, Tr. 1080-81 (S.D.N.Y.); and Judge Gerard L. Goettel in United States v. Paris, 77 Cr. 262, Tr. 1218-19 (S.D.N.Y.)

Request No. 3

<u>The Statute - - 26 U.S.C. 7206(2)</u>

Counts One through Sixteen in the Indictment charge the defendant with aiding and assisting taxpayer in the preparation and presentation of false and fraudulent tax returns. The pertinent part of the Indictment reads a follows:

> [The Court is respectfully requested to read counts One through Sixteen of the Indictment.]

Each count in the Indictment charges the defendant with aiding and assisting in the preparation and presentation of false and fraudulent tax returns for various years.

The counts charge violations of Section 7206(2) of Title 26 of the United States Code, which states, in part:

> Any person who...willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under...the internal revenue laws, of a return, ...which is fraudulent or is false as to any material matter...shall be guilty [of a crime].

Request No. 4

Counts One through Sixteen: Wilfully Aiding and Assisting the Preparation and Presentation of False Income Tax Returns

In order to convict the defendant on any of these counts of aiding and assisting the preparation and filing of a false or fraudulent tax return, the Government must establish the following three elements beyond a reasonable doubt:

(1)   that the defendant aided, assisted in, procured, counseled, or advised the preparation or presentation of the federal tax return referred to in the count you are considering;

(2)   that the return named in the particular count was not true and correct in every material matter; and

(3)   that the defendant acted willfully at the time he aided or assisted the preparation or presentation of the return.

Now, I will explain each of these elements:

United State v. Perez, 565 F.2d 1227, 1233-34 (2d Cir. 1977);
United State v. Sassak, 881 F.2d 276, 278 (6th Cir. 1989);
United State v. Hooks, 848 F.2d 785, 788-89 (7th Cir. 1988);
United State v. Salerno, 902 F.2d 1429, 1432 (9th Cir. 1990);
United State v. Crum, 529 F.2d 1380, 1382 n.2 (9th Cir. 1976).

Request No. 5

First Element – Aiding and Assisting

The first element of this offense is that the defendant aided, assisted, procured, counseled or advised the preparation or presentation of the return referred to in the count you are considering.

For the government to satisfy this element, you must find that the defendant was a knowing participant in conduct that was intended to result in the filing of a false return.  In other words, you must find that the defendant knowingly committed an act or acts which he intended would result in a false filing.

United State v. Crum, 529 F.2d 1380, 1382  (9th Cir. 1976);
United State v. Maius, 378 F.2d 716, 718  (6th Cir. 1967);
United State v. Frazier, 365 F.2d 316, 318  (6th Cir. 1966).

Request No. 6

Second Element – Falsity of a Material Matter

The second element you must find beyond a reasonable doubt is that the return identified in the particular count is false or fraudulent in some material respect.

The Government is entitled to a true and complete tax return. A return is "false" if it is untrue. It is "fraudulent" if it is known to be untrue, and is made with intent to deceive the Government or the IRS. The Government is not required to prove that the false or fraudulent fact actually influenced the IRS or actually deceived a Government agent.

In this case, the government has charged that certain deductions claimed on the returns charged are false in that the amounts are untrue or are overstated. In relation to whether statements on a document are false as to a material matter, a false or fraudulent entry on a line of a tax return is a material matter if the information required to be reported on that line "has that natural tendency to influence or be capable of influencing the decision of the decision-making body to which it was addressed." In other words, a false or fraudulent entry on the Schedule A attached to each Federal income tax return in this case is material if the information reported on the Schedule A is essential to the Internal Revenue Service in determining a correct computation and reporting of tax liability.

First Circuit Pattern Instr. 4.27 (1998);
Devitt and Blackmar, Federal Jury Practice and Instructions (4th Ed. 1990), Section 16.08;
United States v. DiRico, 78 F.3d 732, 736 (1st Cir. 1996)

Request No. 7

8

### Third Element -- Willfully

The last element you must find beyond a reasonable doubt is that the defendant acted willfully.

The defendant acted willfully if he committed a voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally and with the specific intent to do something he knew the law prohibited, that is to say, with intent either to disobey or to disregard the law. An act is not willful if it is accidental, inadvertent or negligent, even if it is grossly negligent.

Since individuals rarely announce an intent to violate the law, circumstantial evidence is often the only way to determine willfulness.

First Circuit Pattern Instr. 4.25 (1998);Devitt and Blackmar, Federal Jury Practice and Instructions (4th Ed. 1990), Section 56.20;Cheek v. United States, 498 U.S. 192, 201 (1991);United States v. Montiero, 871 F.2d 204, 209 (1st Cir. 1989);United States v. Tishberg, 854 F.2d 1070, 1072 (7th Cir.1988); United States v. Colorafi, 876 F.2d 303, 305 (2nd Cir. 1989);United States v. Ashfield, 735 F.2d 101, 105 (3rd Cir. 1984).

Request No. 8

<u>Proof of Tax Deficiency Not Required</u>

In proving that the defendant aided and assisted in the filing of false tax returns, the government does not have to prove that there was an additional tax due and owing on the returns at issue. Whether the government has or has not suffered monetary loss as a result of the alleged conduct is not an element of the crimes charged in the Indictment.

<u>Silverstein v. United States</u>, 377 F.2d 269, 270 (1st Cir. 1967);<u>United States v. Olgin</u>, 745 F.2d 263, 272 (3d Cir. 1984); <u>United States v. Marabelles</u>, 724 F.2d 1374, 1380 (9th Cir. 1984)<u>United States v. Ballard</u>, 535 F.2d 400, 404 (8th Cir. 1976);

Request No. 9

Knowledge or Consent of Taxpayer

With respect to Counts one through sixteen of the indictment, which charge violations of Section 7206(2) of the Internal Revenue Code, a person may be guilty of the offense of aiding or assisting in, or procuring the preparation of a false return, regardless of "whether or not such falsity or fraud is with the knowledge or consent of the (taxpayer) . . . " Thus, it is not a defense to any count charged in the Indictment that the taxpayer named in that count knew or should have known that the deduction was false.

26 U.S.C., § 7206(2);
United States v. Dunn, 961 F.2d 648, 651 (7th Cir. 1992);
United States v. Nealy, 729 F.2d 961, 963 (4th Cir. 1984);
United States v. Greger, 716 F.2d 1275, 1278 (9th Cir. 1983);
United States v. Wolfson, 573 F.2d 216, 225 (5th Cir. 1978).

Request No. 10

<u>Summary charts</u>

Certain charts and summaries have been shown to you in order to help explain the evidence in the case. These charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u> (4th Ed. 1990), Section 14.02.

Request No. 11

<u>Defendant's Testimony</u>
(Requested only if defendant testifies)

The defendant has taken the witness stand. Obviously, the defendant has a deep personal interest as a result of his prosecution; indeed, it is fair to say he has the greatest interest in its outcome.

This interest creates a motive for false testimony and a defendant's interest in the result of his trial is of a character possessed by no other witness. In appraising the defendant's credibility, you may take that into account.

It by no means follows, however, that simply because a person has a vital interest in the end result, that he is not capable of telling a truthful and straightforward story.

It is for you to decide to what extent, if at all, the defendant's interest has affected or colored his testimony.


Adapted from the charge of the Honorable Richard Owen in <u>United States</u> v. <u>Martin</u>, 525 F.2d 703, 706 fn. 3 (2d Cir.) (specifically approving charge), <u>cert</u>. <u>denied</u>, 423 U.S. 1035 (1975). <u>See</u> <u>United States</u> v. <u>Smith</u>, 778 F.2d 925, 929 (2d Cir. 1985) (approving substantially similar charge). <u>See also</u> <u>United States</u> v. <u>Matias</u>, 836 F.2d 744, 749-50 (2d Cir. 1988) (reversible error for court to fail to charge that defendant is capable of telling the truth despite his interest in the outcome; reaffirming balanced charge in <u>Martin</u>).

Request No. 12

<u>Defendant's Right Not to Testify</u>
(If requested by defense)

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 5-21.