UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
            v.                      )   CRIMINAL NO. 05-10067-PBS
                                    )
TALMUS R. TAYLOR                    )
                                    )
            Defendant               )
_____)

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTON IN LIMINE**

The Defendant's Motion in Limine seeks to exclude several categories of evidence that bear directly on the proof of the defendant's willfulness in preparing false income tax returns. The motion, which suggests that the evidence should be excluded under Fed. R. Evid. 404(b), is without basis in fact or law. The evidence targeted in the defendant's motion is not evidence of "other crimes, wrongs, or acts." It is direct evidence that the defendant willfully committed the acts charged in this case. As discussed below, because willfulness is an essential element of the tax crime charged, courts have uniformly held that tax documents submitted in the years prior to and after the time of the crime charged and tax documents other than those specifically charged are admissible as circumstantial evidence of willfulness. Thus, for example, in this case, it is probative of willfulness that the clients on whose behalf the defendant is alleged to have submitted tax returns that grossly inflated deductions did not claim inflated deductions prior to or after their involvement with the defendant. Such evidence is especially probative in light of the defendant's assertion – in statements made to the government – that a was a mere scrivener, recording what his clients told him. In light of that defense, such evidence is also relevant to show absence of mistake, absence of good faith, and criminal intent. Similarly, again by way of example, evidence that the defendant inflated the deductions on his own tax returns until he

became aware of the IRS investigation and, then, suddenly ceased the practice is evidence that his preparation of false tax returns was willful. Even if the Court were to deem such evidence, and the other categories of evidence that fall within the defendant's broad motion to exclude, as covered by Fed. R. Evid. 404(b), that evidence is nonetheless admissible to show criminal intent, knowledge, and absence of mistake or accident.

## I.      ELEMENTS OF THE OFFENSE

The defendant is charged with willfully aiding or assisting in the preparation or presentation of false tax returns, in violation of 26 U.S.C. § 7206(2). To prove a § 7206(2) offense, the government must prove the following elements beyond a reasonable doubt:

1. Defendant aided or assisted in, procured, counseled, or advised the preparation or presentation of a document in connection with a matter arising under the internal revenue laws;

2. The document was false as to a material matter; and

3. The act of the defendant was willful.

United States v. Aramony, 88 F.3d 1369, 1382 (4th Cir. 1996); United States v. Klausner, 80 F.3d 55, 58 (2d. Cir. 1996); United States v. Sassak, 881 F.2d 276, 278 (6th Cir. 1989); United States v. Coveney, 995 F.2d 578, 588 (5th Cir. 1993); United States v. Hooks, 848 F.2d 785, 788-89 (7th Cir. 1988); United States v. Crum, 529 F.2d 1380, 1382 n.2 (9th Cir. 1976).

## II.     FACTUAL BACKGROUND

The following is a brief, non-exhaustive overview of facts the government intends to establish at trial. For a number of years before and after the time of the conduct charged in this case – 1998 to 2000 – the defendant worked as an income tax return preparer. In that capacity, the defendant prepared the sixteen tax returns specified in the indictment. He prepared those

sixteen returns on behalf of nine clients. During his tenure as a tax preparer, the defendant prepared many more returns on behalf of other clients not specified in the indictment. The defendant charged his clients a higher fee in exchange for promises of a larger tax refund. The defendant achieved higher refunds by falsely inflating claims for deductions on his clients' tax returns. Thus, each of the returns specified in the indictment, as well as many others prepared by the defendant, was materially false in that each contained false claims for deductions. Specifically, the returns claimed false itemized deductions for (a) non-cash charitable contributions; (b) charitable gifts by cash or check; and (c) job search expenses.

On each of the returns prepared by the defendant, the largest false deduction was that for non-cash charitable contributions. Most of the returns claimed non-cash charitable contributions in amounts that ranged from $10,000 and $15,000 and represented a significant percentage (25 percent or higher) of the taxpayers' gross income. The alleged contributions consisted primarily of donations of clothing and various dry goods (*e.g.*, furniture, skis, rugs, etc.) to Goodwill. The evidence will show that Taylor sought to substantiate the alleged contributions to Goodwill through handwritten lists, prepared by Taylor and filed with the returns, that purported to specify – by quantity and dollar value – the donated items (*e.g*., 41 pairs of men's pants, worth $164; 18 men's suits, worth $1,530, etc.). In several instances, the handwritten donation lists that Taylor prepared and filed for different clients in the same year are identical  – *i.e.* for unrelated taxpayers, the defendant prepared documents claiming the taxpayers had donated precisely the same quantities of dozens of different items, including identical numbers of shoes, drapes, throw rugs, and the like.

The defendant's clients will testify that, prior to enlisting the defendant's services as a tax

preparer, they did not make such false claims of charitable contributions on their tax returns. Likewise, they will testify that they did not make such false claims after the defendant ceased preparing their tax returns. This testimony will be corroborated by tax returns filed by the witnesses in the years immediately before and after the defendant prepared their returns.

The defendant has made statements to the government concerning the crime charged. The defendant admitted to preparing the tax returns in question, including the handwritten donation lists appended to those returns. However, the defendant insisted that he did so based solely on information provided to him by his clients. More specifically, he claimed that his clients told him the quantities of items that they had donated to Goodwill, that he simply served as a scrivener in writing those quantities down, and that he then calculated the dollar values by using the Salvation Army valuation guide attached to the returns. The defendant further stated that he sat down with each client and reviewed the completed return line by line before they signed it. In addition, the defendant stated that, based on his training as a tax preparer, he did not view it as his role to question or audit his clients' returns but rather simply to prepare returns based on the information that they gave him. When confronted with examples of different clients for whom he submitted identical handwritten donation lists, the defendant claimed that this must have resulted from a clerical error on his part – perhaps from inadvertently mixing up paperwork at his photocopy machine.

In addition, in the same time period, the defendant filed tax returns with extremely high claims of non-cash charitable contributions. After becoming aware that he was under investigation, the defendant ceased that practice.

III.    **ARGUMENT**

In the Defendant's Motion in Limine, he seeks to exclude three categories of evidence. The first two categories are closely related and consist of (1) evidence of claims for charitable contributions that are not set forth in the indictment and (2) evidence that the defendant claimed charitable contributions on behalf of taxpayers other than those named in the indictment. By seeking to exclude these two categories of evidence, the defendant seeks to limit the government's proof to the sixteen tax returns listed in the indictment. There is no basis to exclude the evidence targeted in the defendant's motion. That evidence bears directly on willfulness and absence of good faith and, as such, is relevant to the proof of an essential element. It is independently admissible under Fed. R. Evid. 404(b) because it shows intent, knowledge, and absence of mistake or accident.

Section 7206(2) is a specific intent crime requiring a showing of willfulness. The Supreme Court has defined "willfulness" as "a voluntary, intentional violation of a known legal duty." Cheek v. United States, 498 U.S. 192, 200 (1991); *see also* United States v. Greer, 607 F.2d 1251, 1252 (9th Cir.1979) ("section 7206(2) requires that the accused must know or believe that his actions will likely lead to the filing of a false return"). It is not enough that the defendant's purposeful conduct merely resulted in the filing of a false return; the false filing must also have been a deliberate objective of the defendant. *See* United States v. Salerno, 902 F.2d 1429, 1433 (9th Cir. 1990) (convictions reversed because government failed to show that casino employee knew or understood that his embezzlement scheme would affect preparation of the casino corporate returns); United States v. Aracri, 968 F.2d 1512, 1523 (2d Cir. 1992) (government presented sufficient evidence for jury to find that defendants intended that fuel companies file false gasoline excise tax returns).

The government may rely solely on circumstantial evidence to prove willfulness. *See* United States v. Tucker, 133 F.3d 1208, 1218 (9th Cir. 1998) (false returns); United States v. Klausner, 80 F.3d 55, 63 (2d. Cir. 1996) (tax evasion). Willfulness in fraud cases is typically proven by circumstantial evidence. United States v. Monteiro, 871 F.2d 204, 211 (1st Cir. 1989); United States v. Collorafi, 876 F.2d 303, 305 (2d Cir. 1989); United States v. Ashfield, 735 F.2d 101, 105 (3d. Cir. 1984); United States v. Kim, 884 F.2d 189, 192 (5th Cir. 1989); Paschen v. United States, 70 F.2d 491, 498-99 (7th Cir. 1934). For this reason, "trial courts should follow a liberal policy in admitting evidence directed towards establishing the defendant's state of mind. No evidence which bears on this issue should be excluded unless it interjects tangential and confusing elements which clearly outweigh its relevance." Collorafi, 876 F.2d at 305.

In tax fraud cases courts have routinely held that evidence of the taxpayers' returns in the years prior to and after the time of the crime charged and returns other than those specifically charged are relevant to criminal intent and willfulness. *See, e.g.* United States v. Upton, 799 F.2d 432, 433 (8th Cir. 1986)(evidence of defendant's "questionable compliance with tax laws, both in the years prior to and subsequent to [the charged conduct], is probative of willfulness in the present context."); Amos v. United States, 496 F.2d 1269, 1273 (8th Cir. 1974) (evidence of defendant's false deductions made on behalf of a taxpayer four years before the charged conduct occurred admissible because it "bore on intent and was logically connected with the proof of elements of the [§ 7206(2)]; ) Hamman v. United States, 340 F.2d 145, 149 (9th Cir. 1965)(in tax evasion case, evidence of understatement of income by defendants in the two years preceding the years set forth in the indictment admissible to establish willfulness); United States v. Magnus, 365 F.2d 1007, 1011-12 (2nd Cir. 1966)(same). Amos is instructive because it involved

6

a tax preparer who, like the defendant in this case, was charged with preparing tax returns on behalf of taxpayers and making false claims for deductions supported by false documentation. 496 F.2d at 1271 and 1273.  The indictment covered tax returns prepared for the years 1968-1971.  Id. at 1273.  The court rejected Amos's claim that it was error to admit evidence that the defendant had claimed false deductions as early as 1964 and had attempted to verify false deductions with false documentation.  Id.  The Eight Circuit agreed with the trial court's view that "the questioned evidence bore on intent and was logically connected with the proof of elements of the crime charged."  Id.  (citing cases).

     Such evidence has even greater relevancy in this case.  First, with regard to returns submitted by the defendant's clients before they employed him as a tax preparer and after they ceased using his services, such returns are relevant because they tend to show that, without the defendant's assistance, the taxpayers were not claiming false deductions.  This is evidence of willfulness and is especially relevant in light of the defendant's claim that he was merely the recorder of what his clients told him.  Second, certain of the tax returns not identified in the indictment contain lists of items allegedly donated to Goodwill that are identical photocopies of lists contained in tax returns specified in the indictment.  This too is powerful evidence of willfulness, absence of good faith, and absence of mistake.  Third, with regard to other tax returns the defendant prepared in the same time period, these returns contain lists of donated items that, although not photocopies of other lists prepared by the defendant are remarkably similar in appearance, contents, and preposterousness of the volume of items allegedly donated. This too is evidence from which the jury can infer willfulness, absence of good faith, and absence of mistake.  Finally, evidence that the defendant filed returns on his own behalf claiming

false deductions and ceased doing so when he learned he was under investigation is proof of the willfulness element.

In the event the Court were to deem such evidence to be covered by Fed. R. Evid. 404(b), it is nonetheless admissible. "Although evidence of a defendant's bad acts or crimes other than those charged in the indictment is not admissible to show a criminal propensity, such evidence is admissible to show, among other things, intent, knowledge, or absence of mistake or accident." United States v. Johnson, 893 F.2d 451, 453 (1st Cir. 1990) (citations omitted)(jury could reasonably infer a "tax evasion purpose" from evidence of the defendant's improper filings in the years immediately previous to those charged). In Johnson, which involved tax evasion charges for the period 1982-86, the First Circuit held that the trial court did not abuse its discretion in admitting evidence of the defendant's failure to file a tax return and fraudulent submissions to the IRS in 1987. Id. Such evidence "was relevant to show Johnson's willfulness and absence of mistake in filing the Schedule C forms containing false information during the years 1982-86." Id. Moreover, as in this case, Johnson attempted at trial to show that had acted in good faith in filing false returns. Id. Given such a defense, the First Circuit stated that "[t]he jury could reasonably infer from this that the improper filing s in the years immediately previous were likewise infected with at tax evasion purpose." Id.

The third category of evidence the Defendant's Motion in Limine seeks to exclude consists of evidence of the defendant's dealings with clients who are named in the indictment but did not testify before the grand jury. Without citation to any authority, the defendant asserts that the government's evidence should be limited to those witnesses that testified before the grand jury. This contention, which is in fact a challenge to the sufficiency of the indictment, is

frivolous. The Supreme Court long ago made clear that an indictment will stand even if based entirely on hearsay evidence. <u>Costello v. United States</u>, 350 U.S. 359 363(1956); and *see* <u>United States v. DeVincent</u>, 632 F.2d 147, 155 (1st Cir. 1980)(discussing <u>Costello</u>). In <u>Costello</u>, the Court stated that "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." A grand jury is given considerable flexibility in the evidence it may hear and the procedures it may employ. <u>Costello</u>, 350 U.S. at 362; <u>United States v. Calandra</u>, 414 U.S. 338, 343-44(1974).

In this case, the indictment was based only in part on hearsay. As set forth in the Defendant's Motion in Limine, four of the nine taxpayers named in the indictment testified before the Grand Jury. As the defendant further states, the government has provided the defendant transcripts of the testimony of those four taxpayers. Evidence concerning tax returns the defendant filed on behalf of the other five taxpayers named in the indictment was presented through the testimony of the IRS case agent. As made clear by <u>Costello</u> and its progeny, there is no requirement that the grand jury hear testimony from every taxpayer named in the indictment.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

By:    /s/ John A. Capin
                                  _____
                                  JOHN A. CAPIN
                                  Assistant U.S. Attorney
                                  (617) 748-3264

Dated: February 17, 2006