## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

L E D
In Open Court
USDC, Mass.
Date 3/22/06
By

)
UNITED STATES OF AMERICA    )
)
      v.    )    CRIMINAL NO. 05-10067-PBS
)
TALMUS R. TAYLOR    )
)

## DEFENDANT'S REQUEST FOR LIMITING INSTRUCTION

Without waiving his objection to the introduction into evidence of other acts of defendant, that defendant asserts are inadmissible under Fed.R.Evid. 404(b), defendant requests that the court give the following limiting instruction relative to any such evidence that has been, and may be, admitted over objection:

### EVIDENCE OF DEFENDANT'S PRIOR SIMILAR ACTS

You have heard evidence that Mr. Taylor committed acts similar to those charged in the indictment, i.e. 1) that he listed deductions for cash contributions and job search expenses that the taxpayers were not entitled too; and 2) that he prepared other returns in addition to those listed in the indictment that contained these two deductions and deductions for non-cash charitable contributions that the taxpayers were not entitled to. You may not use this evidence to infer that, because of his character, Mr. Taylor carried out the acts charged in this case. You may consider this evidence only for the limited purpose of deciding: Whether Mr. Taylor had the state of mind or intent necessary to commit the crime charged in the indictment.

Remember, this is the only purpose for which you may consider
evidence of Mr. Taylor's prior similar acts. Even if you find that
he may have committed similar acts in the past, this is not to be
considered as evidence of character to support an inference that he
committed the acts charged in this case. First Circuit Model Criminal
Jury Instruction No. 2.05.

Dated: March 22, 2006

By his attorney,

Bruce T. Macdonald
678 Massachusetts Avenue
Suite 901
Cambridge, MA 02139
(617) 354-1711
BBO #310400