UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 05-10067-PBS |
| TALMUS R. TAYLOR | ) ) ) | |

DEFENDANT'S MOTION TO STRIKE TESTIMONY OF
WITNESS CRAIG LANKHORST RELATIVE TO REPUTATION
OF WITNESS SYLVIA DAVIS-CASTRO FOR TRUTHFULNESS

Defendant moves that the court strike all testimony of defense witness Craig Lankhorst, elicited by the prosecutor on cross-examination, over objection, relative to the reputation of prosecution witness Sylvia Davis-Castro ("Castro") for truthfulness.

As reason therefore, defendant says that the introduction of said testimony violates Fed.R.Evid. 608(a) which provides, in pertinent part:

> (a) **Opinion and reputation evidence of character.** The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

Castro's character for truthfulness was not attacked by opinion or reputation evidence, so the only other basis for the introduction of reputation evidence for truthfulness was if her character was attacked "otherwise." Cross-examination, even vigorous cross-examination, does not come within the "otherwise" category unless there is a direct attack on the witnesses' character for truthfulness, which did not occur with this witness.

Evidence of bias or prior inconsistent statements generally does not open the door for evidence of good character for truthfulness. *Renda v. King*, 347 F.3d 550, 554 (3rd Cir. 2003) "The reason that evidence of bias does not open the door for evidence of good character for truthfulness is because evidence of bias only relates to a motive to lie in the particular case, not a general predisposition to lie. (citations omitted)  Similarly, prior inconsistent statements do not open the door for evidence of good character for truthfulness because there can be a number of reasons for the error, such as defects in knowledge or memory, a bias or interest to lie in this particular instance, or a general character trait for untruthfulness."

See *U.S. v. Drury*, 396 F.3d 1303, 1315 (11th Cir. 2005) (An "attack" that consists only of Government counsel pointing out inconsistencies in testimony and arguing that the accused's testimony is not credible does not constitute an attack on the accused's reputation for truthfulness within the meaning of Rule 608; *U.S. v. Fernandez*, 829 F.2d 363, 366 (2nd Cir. 1987) (Not every cross examination which attempts to undermine a witness's direct testimony, however, can fairly be considered an attack on credibility).

In *U.S. v. Danehy,* 680 F.2d 1311, 1314 (11th Cir. 1982), the "attack" on the defendant's credibility consisted of a vigorous cross-examination and the pointing out by the prosecutor of discrepancies between the defendant's testimony and that of other witnesses. The court held that "[t]his does not call into question the reputation of the defendant for truthfulness. The mere fact that a witness is contradicted by other evidence in a case does not constitute an attack upon his reputation for truth and veracity." See *U.S. v. Scholle*, 553 F.2d 1109, 1123, (8th Cir. 1977) cert. denied 434 U.S. 940 ("evidence of good character for truth is logically relevant to meet an impeachment accomplished through a slashing cross-examination carrying strong accusations of misconduct and bad character")  But see *U.S. v. Thomas,* 768 F.2d 611, 618 (5th Cir. 1985) ("Vigorous cross-examination…does not constitute [an attack on character].")

Defense counsel's cross-examination of Castro could hardly be characterized as a "slashing cross-examination" triggering a Rule 608(a) response.

For the foregoing reasons, defendant requests that the offending reputation testimony be stricken and that the jury be instructed to disregard it.

Dated: March 27, 2006                                                                 By his attorney,


/s/ Bruce T. Macdonald
_____
Bruce T. Macdonald
678 Massachusetts Avenue
Suite 901
Cambridge, MA 02139
(617) 354-1711
BBO #310400