UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10067-PBS |
| | ) | |
| TALMUS R. TAYLOR | ) | |
| | ) | |

MOTION FOR NEW TRIAL

Now comes the defendant in the above-entitled matter and moves, pursuant to Fed.R.Crim.P. 33, that the court grant a new trial.

As reason therefore, defendant says that the court's admission of a substantial amount of testimonial and documentary evidence of uncharged crimes, none of which were probative of scheme, intent, state of mind, or of any other purpose under Fed.R.Evid. 404(b), unfairly buttressed the sixteen counts charged in the indictment. Rather than simply being used by the jury for the purpose of determining defendant's state of mind or intent, even if admissible under Rule 404(b) the prejudice created by the volume of such evidence far exceeded the probative value, in violation of Fed.R.Evid. 403. The categories of such uncharged "other acts" evidence included, at least: 1) cash contribution deductions of taxpayers named in the indictment; 2) job search deductions of taxpayers named in the indictment; 3) tax returns of taxpayers named in the indictment for year(s) preceding the year(s) named in the indictment; 4) tax returns of taxpayers named in the indictment for year(s) which followed the year(s) named in the indictment; 5) non-cash contribution deductions for taxpayers not named in the indictment; 6) cash contribution deductions for taxpayers not named in the indictment; 7) job search deductions for taxpayers not named in the indictment; 8) defendant's tax returns, with emphasis on his deductions and

understated income. While the limiting instruction given by the court may normally be deemed sufficient to limit the jury's use of such evidence, in the instant case no rational jury could avoid the prejudicial tidal wave that this evidence created.

Additionally, it was error for defense witness Craig Lankhorst to be allowed to state his opinion, over defense counsel's objection, of the reputation for truthfulness of prosecution witness Sylvia Davis-Casto. This evidence was especially damaging to defendant because he and Ms. Castro were co-workers and Ms. Castro's version of the procedures followed by defendant directly contradicted defendant's testimony and the testimony of Barbara East, another of defendant's co-workers.

It is submitted that the cumulative effect of the improperly admitted evidence was to prejudice the jury against defendant, resulting in his guilt being based, in part, on his guilt of uncharged crimes, denying him a fair trial. A new trial should be granted in the interest of justice.

Defendant respectfully requests that he be allowed thirty (30) days within which to file a memorandum of law relative to the issues he has raised.

Dated: April 5, 2006

Respectfully submitted,

TALMUS R. TAYLOR

By his attorney,

/s/ Bruce T. Macdonald

_____
Bruce T. Macdonald
678 Massachusetts Avenue
Suite 901
Cambridge, MA 02139
(617) 354-1711
BBO #310400