UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 05-10067-PBS |
| TALMUS R. TAYLOR | ) ) ) | |

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO STAY SENTENCE
AND TO RELEASE DEFENDANT FROM HALFWAY HOUSE PENDING APPEAL

Defendant Talmus R. Taylor opposes the Government's Motion to Stay Sentence and to Release Defendant From Halfway House Pending Appeal for the following reasons:

Following sentencing on July 12, 2006, at which time he commenced his five year term of probation, defendant has complied with all requirements of his probation officer and terms of his probation; he has paid the $1,600 special assessment; he has paid the $10,000 fine; he began his community service obligation on September 11, which consists of 30 minute private music lessons for 8 to 10 year old students on Mondays, Tuesdays, Wednesdays and Thursdays from 4:00 p.m. to 6:00 p.m. In anticipation of entering a halfway house, defendant made adjustments in his personal and financial life, in addition to preparing himself emotionally for entering the halfway house for 12 months. While assignment to Coolidge House in Boston would be preferable because of its proximity to his place of employment[1], he was aware that if an opening occurred at another halfway house outside of Boston, he would be placed there. Fortuitously, he entered Coolidge House on October 17, 2006 to begin his 12 month sentence there.

---

[1] Emily A. Fifield School, 25 Dunbar Avenue, Dorchester, MA 02124.

Defendant is aware that the sentence he received may be vacated on appeal and that he faces the possibility of re-sentencing, which could involve imprisonment. Should that occur, this court certainly has the ability to determine an appropriate credit for any sentence that defendant has already served. *United States v. Martin*, 363 F.3d 25 (1st Cir. 2004), cited by the government in support of its motion, does not hold that stays of sentence are necessary or required in situations such as this. Rather, the court goes into considerable detail into the factors that a re-sentencing judge must consider when a defendant has partially served his sentence. See *United States v. Derbes*, 369 F.3d 579, 584 (1st Cir. 2004) (in regard to calculation of credit a defendant on probation and home confinement should receive against a sentence of imprisonment, *Martin* "provides all the guidance necessary").

It should also be noted that *Martin* and *Derbes* were decided before *United States v. Booker*, 543 U.S. 220 (2005). The guideline strictures which the court analyzed in *Martin* are no longer in place, which gives this court even more ability to fashion an equitable credit should defendant ultimately receive a committed sentence.

Defendant submits that a stay of sentence is not in the interests of justice and would not benefit him or society. To the contrary, it would be disruptive to defendant's rehabilitation and the course of community service upon which he has embarked. Additionally, the government is not harmed or prejudiced if the sentence is not stayed. The sentence will either be affirmed, resulting in no harm to the government;[2] or it will be modified upward, in which case this court "has all the guidance necessary" from *Martin* to calculate any credit against a harsher sentence.

For the foregoing reasons, defendant requests that the court deny the government's motion to stay sentence.

---

[2] If the sentence is stayed, and ultimately affirmed on appeal, defendant may be assigned to a halfway house significantly more distant from the Fifield School if placement in Coolidge House in not possible.

Dated: October 26, 2006                              Respectfully submitted,


                                                     TALMUS R. TAYLOR

                                                     By his attorney,


                                                     /s/ Bruce T. Macdonald

                                                     _____
                                                     Bruce T. Macdonald
                                                     678 Massachusetts Avenue
                                                     Suite 901
                                                     Cambridge, MA 02139
                                                     (617) 354-1711