UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) |  |
| v. | ) ) | CRIMINAL NO. 05-10067-PBS |
| TALMUS R. TAYLOR | ) ) ) |  |

DEFENDANT'S MOTION TO STAY RE-SENTENCING HEARING

Defendant Talmus R. Taylor respectfully moves that the re-sentencing hearing scheduled for September 26, 2007 be stayed. As reason therefore, defendant says that, on September 20, 2007, he filed a Petition for Writ of Certiorari in the United States Supreme Court (Docket No. 07-388).

Said Petition, which seeks review of the decision of the First Circuit Court of Appeals in *United States v. Talmus R. Taylor*, --- F.3d --- (1st Cir. 2007), 2007 WL 2349415, presents the following question:

> Whether, in determining the "reasonableness" of a district court sentence under *United States v. Booker*, 543 U.S. 220 (2005), it is appropriate to require district judges to provide progressively more compelling justification under factors listed in 18 U.S.C. § 3553(a) the farther the judge's sentence departs from the United States Sentencing Guidelines.

This issue is similar to the issue before the Supreme Court in *Gall v. United States,* No. 06-7949,[1] upon which the Court recently granted certiorari, and which is scheduled for oral argument on October 2, 2007.

---

[1] "Whether, when determining the "reasonableness" of a district court sentence under *United States v. Booker*, 543 U.S. 200 (sic) (2005), it is appropriate to require district courts to justify a deviation from the United States

By granting certiorari in *Gall*, the Supreme Court has recognized the importance of clarifying whether it is appropriate, after *Booker*, for district courts to be required to make extraordinary justifications when they elect to depart downward from the Guidelines. In the instant case the First Circuit held that, while defendant's circumstances were extraordinary, they were not extraordinary *enough* to justify the sentence imposed. This issue, like the similar issue in *Gall*, requires clarification by the Supreme Court.

A stay of the re-sentencing hearing pending the Supreme Court's decision on defendant's Petition will be judicially economical and will not prejudice the government.

For the foregoing reasons, defendant respectfully requests that his re-sentencing hearing be continued and that it be re-scheduled after the Supreme Court acts on his Petition.

Dated: September 20, 2007                     Respectfully submitted,

                                              TALMUS R. TAYLOR

                                              By his attorney,

                                              /s/ Bruce T. Macdonald

                                              BRUCE T. MACDONALD
                                              (617) 354-1711

---

Sentencing Guidelines with a finding of extraordinary circumstances." Petition for Writ of Certiorari, *Brian Michael Gall v. United States of America* (No. 06-7949).