# United States Court of Appeals
## For the First Circuit

No. 06-2216

UNITED STATES OF AMERICA,

Appellant,

v.

TALMUS R. TAYLOR,

Defendant, Appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before

Lynch, Chief Judge,
Newman* and Torruella, Circuit Judges.

John A. Capin, Assistant United States Attorney, Michael J. Sullivan, United States Attorney, and Paul G. Levenson, Assistant United States Attorney, on supplemental brief for appellant.
Bruce T. Macdonald on supplemental brief for appellee.

July 9, 2008

---

* Of the Federal Circuit, sitting by designation.

**TORRUELLA, Circuit Judge.** Talmus Taylor was sentenced to one year in a halfway house, five years of probation, and a $10,000 fine, for aiding and assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2). Following an appeal by the Government, we vacated the sentence as substantively unreasonable and remanded to the district court. See United States v. Taylor, 499 F.3d 94 (1st Cir. 2007), vacated, 128 S. Ct. 878 (2008). The case returns to us on remand from the Supreme Court for further consideration in light of Gall v. United States, 128 S. Ct. 586 (2007).

The Court's decision in Gall, combined with its decisions in Kimbrough v. United States, 128 S. Ct. 558 (2007), and Rita v. United States, 127 S. Ct. 2456 (2007), makes clear that in the post-Booker world, district judges are empowered with considerable discretion in sentencing, as long as the sentence is generally reasonable and the court has followed the proper procedures. In accordance with these decisions, our recent opinions have elaborated on the broad scope of this discretion. See, e.g., United States v. Martin, 520 F.3d 87 (1st Cir. 2008); see also United States v. Rodríguez, 527 F.3d 221 (1st Cir. 2008); United States v. Politano, 522 F.3d 69 (1st Cir. 2008). Recently, in another sentencing case vacated by Gall, we noted this expanded discretion and concluded that the fairest course of action was to provide the district court the opportunity to reconsider its

sentence in view of the Supreme Court's elucidation of sentencing procedures, as well as some of the concerns we had expressed in the prior opinion. See United States v. Tom, No. 07-1074, 2008 WL 1886608 (1st Cir. Apr. 30, 2008) (unpublished). We think that course appropriate under the circumstances here as well.

In so doing, we first reiterate some of the important sentencing principles underscored in all of these recent decisions. As clearly outlined in Gall, we review a district court's sentence under a deferential abuse of discretion standard, which involves both a procedural and a substantive inquiry. See Gall, 128 S. Ct. at 597; see also Politano, 522 F.3d at 72. This deference arises from the advantages inherent in the district court's position: "a superior coign of vantage, greater familiarity with the individual case, the opportunity to see and hear the principals and the testimony at first hand, and the cumulative experience garnered through the sheer number of district court sentencing proceedings that take place day by day." Martin, 520 F.3d at 92. Indeed, once the district court has followed the proper procedures, our review of substantive reasonableness is highly discretionary. See id. ("[R]eversal will result if - and only if - the sentencing court's ultimate determination falls outside the expansive boundaries of that universe [of reasonableness].").

Yet, along with this increased discretion to fashion an appropriate sentence goes an accompanying "need for an increased

degree of justification commensurate with an increased degree of variance." Martin, 520 F.3d at 91. To be clear, there is no strict formula for determining the bounds of an appropriate sentence, but there is "a certain 'sliding scale' effect [that] lurks in the penumbra of modern federal sentencing law; the guidelines are the starting point for the fashioning of an individualized sentence, so a major deviation from them must 'be supported by a more significant justification than a minor one.'" Id. (quoting Gall, 128 S. Ct. at 597).

In our prior review of the sentence in this case, we expressed concern that the district court had failed to take all of the 18 U.S.C. § 3553(a) factors into account in fashioning the defendant's entirely non-jail sentence for such a serious crime. Our conclusion was not based on any requirement that the justification be "proportional" to the deviation or that the result comply with a mathematic formula defining the outer bounds of reasonableness. Rather, it was that in our view, the court's explanations had failed to justify the overall result.

As in Tom, a ruling on the sentence based on the present record would not fully actualize Gall's effect in "shed[ding] considerable light on the scope and extent of a district court's discretion under the now-advisory federal sentencing guidelines." Martin, 520 F.3d at 88. Given the intervening cases which have further elucidated the district court's discretion in sentencing

(as well as underscored the importance of the district court's justifications for that sentence), we think it best to remand to the district court for reconsideration with the benefit of all of these developments, as well as the concerns we expressed in our prior opinion.

<u>So ordered.</u>