AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| **TALMUS TAYLOR** | Case Number: **1: 05 CR 10067 - 001 - PBS** |
| | USM Number: 25621-038 |
| | Bruce MacDonald, Esq. |
| | Defendant's Attorney |

☑ Additional documents attached

Date of Original Judgment: 7/13/06

Appendix A: Statement of Reasons

☑ Judgment amended to reflect imposed term of imprisonment.

**THE DEFENDANT:**
☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.
☑ was found guilty on count(s)  1 - 16
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☑

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 USC § 7206(2) | Aiding and Assisting in the Preparation of False Tax Returns | 03/14/00 | 1 |
| same | same | 03/17/00 | 2 |
| same | same | 03/14/01 | 3 |
| same | same | 03/05/00 | 4 |
| same | same | 04/11/01 | 5 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

03/04/09
Date of Imposition of Judgment

_/s/ Patti B. Saris_
Signature of Judge

The Honorable Patti B. Saris
Judge, U.S. District Court
Name and Title of Judge

3/16/09
Date

AO 245B(05-MA)    (Rev 06/05) Judgment in a Criminal Case
Sheet 1A - D. Massachusetts - 10/05

DEFENDANT: **TALMUS TAYLOR**
CASE NUMBER: **1: 05 CR 10067 - 001 - PBS**

Judgment—Page __2__ of __9__

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 USC § 7206(2) | Aiding and Assisting in the Preparation of False Tax Returns | 04/15/99 | 6 |
| same | same | 03/08/00 | 7 |
| same | same | 03/24/01 | 8 |
| same | same | 04/11/01 | 9 |
| same | same | 06/10/00 | 10 |
| same | same | 06/10/00 | 11 |
| same | same | 10/01/01 | 12 |
| same | same | 02/19/00 | 13 |
| same | same | 05/30/01 | 14 |
| same | same | 06/25/99 | 15 |
| same | same | 06/10/00 | 16 |

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D Massachusetts - 10/05

Judgment — Page 3 of 9

DEFENDANT: **TALMUS TAYLOR**
CASE NUMBER: **1: 05 CR 10067 - 001 - PBS**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:  **2  month(s)**

The two months are to be served from June 29, 2009 to August 28, 2009.

☐ The court makes the following recommendations to the Bureau of Prisons:


☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☑ before 2 p.m. on  **06/29/09**.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA) (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

DEFENDANT: **TALMUS TAYLOR**
CASE NUMBER: **1: 05 CR 10067 - 001 - PBS**

Judgment — Page 4 of 9

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ $1,600.00 | $ $10,000.00 | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

☐ See Continuation Page

| TOTALS | $ $0.00 | $ $0.00 | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.
  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5A - D. Massachusetts - 10/05

DEFENDANT: **TALMUS TAYLOR**
CASE NUMBER: **1: 05 CR 10067 - 001 - PBS**

Judgment—Page 5 of 9

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The $1,600.00 Special Assessment and the $10,000.00 Fine were previously imposed at the original sentencing on July 12, 2006, and have been paid in full by the defendant.

AO 245B  (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT: **TALMUS TAYLOR**  Judgment — Page 6 of 9
CASE NUMBER: **1: 05 CR 10067 - 001 - PBS**
DISTRICT: **MASSACHUSETTS**

## STATEMENT OF REASONS

**I  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☑ **The court adopts the presentence investigation report without change.**

B ☐ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.) (Use Section VIII if necessary.)

   1 ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

   2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

   4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II  COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

   ☐ findings of fact in this case
   ☐ substantial assistance (18 U.S.C. § 3553(e))
   ☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: 19
Criminal History Category: I
Imprisonment Range: 30 to 37 months
Supervised Release Range: to 1 years
Fine Range: $ 6,000 to $ 60,000
☐ Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)   (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: **TALMUS TAYLOR** | Judgment — Page 7 of 9 |
| CASE NUMBER: **1: 05 CR 10067 - 001 - PBS** | |
| DISTRICT: **MASSACHUSETTS** | |

# STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐   The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

C ☑   The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D ☐   The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A   **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B   **Departure based on** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3   **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☑ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ 5K2.9 | Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | ☐ | | Other guideline basis (e.g., 2B1.1 commentary) |

D   **Explain the facts justifying the departure.** (Use Section VIII if necessary.)
SEE ATTACHMENT A.

AO 245B ( 05-MA)   (Rev. 06/05) Criminal Judgment
            Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

| | |
|---|---|
| DEFENDANT: **TALMUS TAYLOR** | Judgment — Page 8 of 9 |
| CASE NUMBER: **1: 05 CR 10067 - 001 - PBS** | |
| DISTRICT: **MASSACHUSETTS** | |

# STATEMENT OF REASONS

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

- **A  The sentence imposed is** (Check only one.):
  - ☑ below the advisory guideline range
  - ☐ above the advisory guideline range

- **B  Sentence imposed pursuant to** (Check all that apply.):

  1  **Plea Agreement** (Check all that apply and check reason(s) below.):
     - ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
     - ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
     - ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

  2  **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
     - ☐ government motion for a sentence outside of the advisory guideline system
     - ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
     - ☑ defense motion for a sentence outside of the advisory guideline system to which the government objected

  3  **Other**
     - ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

- **C  Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)
  - ☑ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
  - ☑ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
  - ☑ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
  - ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
  - ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
  - ☑ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
  - ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

- **D  Explain the facts justifying a sentence outside the advisory guideline system.** (Use Section VIII if necessary.)

  SEE ATTACHMENT A.

AO 245B ( 05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 4) — Statement of Reasons - D. Massachusetts - 10/05

| | | |
|---|---|---|
| DEFENDANT: | **TALMUS TAYLOR** | Judgment — Page 9 of 9 |
| CASE NUMBER: | 1: 05 CR 10067 - 001 - PBS | |
| DISTRICT: | **MASSACHUSETTS** | |

## STATEMENT OF REASONS

**VII   COURT DETERMINATIONS OF RESTITUTION**

A  ☑  Restitution Not Applicable.

B   Total Amount of Restitution: _____

C   Restitution not ordered (Check only one.):

  1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

  2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

  3  ☐  For other offenses for which restitution is authorized under 18 U S C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

  4  ☐  Restitution is not ordered for other reasons.  (Explain )

D  ☐  Partial restitution is ordered for these reasons ( 18 U.S.C. § 3553(c)):

**VIII   ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** (If applicable.)

SEE ATTACHMENT A.

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | Date of Imposition of Judgment 03/04/09 |
| Defendant's Date of Birth: 00/00/57 | _[signature]_ |
| Defendant's Residence Address: Boston, MA 02118 | Signature of Judge<br>The Honorable Patti B. Saris   Judge, U.S. District Court |
| Defendant's Mailing Address: same | Name and Title of Judge<br>Date Signed  3/16/09 |

## APPENDIX A: STATEMENT OF REASONS

Defendant Talmus R. Taylor appeared before the Court for re-sentencing pursuant to a remand by the First Circuit Court of Appeals. See United States v. Taylor, 532 F.3d 68 (1st Cir. 2008) (Taylor II). The case has had a long history. After a jury trial, on March 29, 2006, Taylor was convicted of sixteen counts of aiding and abetting the preparation of false tax returns in violation of 26 U.S.C. § 7206(2). At sentencing, the Court calculated a sentencing guideline range based on a Total Offense Level of 19 and a Criminal History Category of I, yielding a guideline imprisonment range of 30 to 37 months. The calculation of the guideline range included a two point adjustment for obstruction of justice. See Presentence Report, ¶ 27. The Court's enhancement for obstruction of justice was premised on the Court's finding that Taylor perjured himself during his testimony at trial. In addition, defendant had counseled two witnesses to falsify evidence and lie to the Internal Revenue Service during the investigation.

Over the government's objection, the Court downwardly departed pursuant to U.S.S.G. § 5H1.11 (Charitable Service, Good Works) and varied downward pursuant to 18 U.S.C. § 3553(a). The Court imposed a five year term of probation, with the condition that the first year be spent in a community confinement center (also known as a half-way house); the requirement that he spend five hours a week performing community service; and a $10,000

fine. Among other things, the Statement of Reasons explained that defendant had provided "exceptional and extraordinary community service" as a music teacher in the Boston Public Schools in Dorchester, Massachusetts. (Judgment, dated July 13, 2006, App. A.) I found, "Because of Taylor's leadership, the Fifield School is one of the few Boston Public Schools that has both a band and a chorus. Mr. Taylor works after school without extra pay in organizing these activities. He also helps manage the school, protects the after-school safety of children taking buses, and does fund-raising for events like taking the kids to the Boston Symphony Orchestra." (Id.) Taylor served as a father figure for his inner-city students, many of whom came from underprivileged backgrounds, provided free concerts as a trumpet player and jazz musician to public interest groups, and helped take care of a close friend with multiple sclerosis. (Id.) Significantly, though, the Court stated, "In deciding the sentence, I took into account the persuasive evidence that any incarceration would likely disqualify him from ever serving as a teacher again. However, a half-way house will permit him to continue teaching." (Id.) The courtroom was filled with colleagues from his school, parents of students, and fellow and sister church members.

    The government appealed. The First Circuit reversed. While concluding that the Court reasonably downwardly departed pursuant

to Section 5H1.11, the First Circuit held that the degree of the departure/variance was unreasonable because, among other things, Taylor did not demonstrate sufficient acceptance of responsibility for his actions; the court gave "incommensurate weight to the fact that Taylor's absence from school would negatively affect his students"; Taylor was not an "aberration from the overall conclusion that the threat of jail time deters white-collar crime"; and the sentence was inconsistent with the need to avoid unwarranted sentencing disparities, particularly in the area of white-collar crime. United States v. Taylor, 499 F.3d 94, 100-104 (1st Cir. 2007) (Taylor I). The Supreme Court vacated Taylor I and remanded it for further consideration in light of Gall v. United States, 128 S. Ct. 586 (2007). Taylor v. United States, 128 S. Ct. 8783 (2008). The First Circuit then remanded back to this Court for reconsideration with the benefit of the decisions in Kimbrough v. United States, 128 S. Ct. 558 (2007) and Rita v. United States, 551 U.S. 338 (2007) - as well as the concerns expressed in Taylor I. Taylor II.

The resentencing hearing took place on March 4, 2009. The Court heard the testimony of Yolanda Schmidt, an employment specialist and facility manager at the Coolidge House Comprehensive Sanction Center, the community confinement center where Taylor was placed for a year. She interacted with him on a daily basis. As a court commitment, he was a "level two"

offender, which is the most restrictive level.[1]  Because Taylor was placed there as part of a court sentence, unlike other residents he was never permitted to advance to a level with fewer restrictions.  He was required to be in Coolidge House except when he was working, doing community service, or going to church or a sanctioned class.  While he was permitted to exercise at a gym across the street, he received no other leisure time.  Generally, cell phones are not permitted at the half-way house.  He was required to be in his room by 11:15 each night.  While at Coolidge House, he complied with all rules and paid all fines and assessments.

At the hearing, the government introduced a letter from Virginia Tisei, Director of Labor Relations, Boston Public Schools, stating that "if [the defendant's] incarceration did not affect his ability to fulfill his job duties, then he would remain eligible for employment with the Boston Public Schools."  This filing clarified that Taylor would not lose his job as a teacher if incarcerated over the summer.  Defendant did not dispute this fact.

Defendant introduced evidence that he performed twice the amount of community service required, teaching trumpet, clarinet and flute lessons ten hours a week, instead of the mandatory five

---

[1] Level one, the highest level, is reserved for previously jailed defendants who are likely to return to jail for further incarceration because of disciplinary infractions.

hours, and has been successful in promoting his students for music programs and scholarships at the Berklee City Music Preparatory School.

Considering all the Section 3553(a) factors, the Court departs and varies downward and imposes a two month term of incarceration to be served from June 29, 2009 to August 23, 2009. Taking into account the First Circuit's concerns in Taylor I, I find that this term of "jail time" adequately reflects the seriousness of the offense (including the obstruction of justice), when taken in combination with the 12 months already served in a community confinement center. While this placement was not as restrictive or institutional as a minimum security facility (i.e., he was not in complete lockdown), a community confinement center is no bed-and-breakfast. Rather, serving time in a community confinement center involves significant restrictions on one's liberty as well as stigma, which provide an adequate deterrent to would-be tax offenders.[2] See Gall, 128 S. Ct. at 594-96. This sentence, which is tantamount to fourteen months, is sufficient but not greater than necessary to take into account the sentencing goals of punishment and deterrence. It also takes into account the impact that a longer jail sentence spanning the school year would have on the children in the

---

[2] Indeed, the Bureau of Prisons itself places certain offenders in community confinement centers rather than in jail upon the recommendation of a judge.

5

community because Taylor will not lose his job as a proactive music teacher. See United States v. Olbres, 99 F.3d 28, 33-37 (1st Cir. 1996).

Taking into account the nature and characteristics of the offender, this sentence recognizes the extraordinary charitable contributions to his school community which Taylor has made over the years - contributions he has continued to make since his release. In his most recent allocution to the Court, Taylor, grim-faced, finally took responsibility for his actions. There is little to no risk that Taylor will re-offend, and thus no need to protect the public from further crimes of the defendant. Also, as he has already served at least one year of probation, there is no need for the mandatory one year of supervised release. Rehabilitation is not an issue as Taylor has adequate educational or vocational training. Restitution is no longer relevant since I am told he has paid all tax penalties, fines and assessments.

I pause over the factor in 18 U.S.C. § 3553(a)(6), that is, the need to avoid unwarranted sentencing disparities among defendants. In data published by the United States Sentencing Commission, "Preliminary Post-Kimbrough/Gall Data Report" (September 2008), the Commission reports that only 42.2 percent of the 294 post-Kimbrough/Gall tax cases were sentenced within the advisory guideline range. Table 3. Out of the cases

6

sentenced below the tax guidelines after Kimbrough/Gall, as a result of departures or variances, the median sentence in months was 0.0, the median decrease in months from the guideline minimum was 11.0, and the median percent decrease from the guideline minimum was 99.9 percent. Id. at Table 10. While these statistics are preliminary, they demonstrate that this sentence will not create unwarranted sentencing disparities with others sentenced for tax offenses.

As a final note, taking a measure of Mr. Taylor as an individual was unusually complex because it was so difficult to understand how such a talented, musical, and charitable man could also engage in such extensive tax fraud and perjury. Having considered the advisory guideline range, the Section 3553(a) factors, the concerns of the First Circuit in Taylor I and Taylor II, and the evidence at both sentencing hearings, I find that there are valid reasons for varying and departing below the guidelines to a sentence of two months incarceration, coupled with twelve months placement in a community confinement center. In addition to this written statement of reasons, I also incorporate the reasons I expressed at the hearing.